## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **HEIDI GLOSSER**, on behalf of herself and all others similarly situated, | |
| Plaintiff, | CASE NO. |
| vs. | UNITED STATES DISTRICT JUDGE |
| **AM-PM EMPLOYMENT, LLC** | |
| and | |
| **J.A.B. INVESTIGATIVE SERVICES, LLC** | |
| Defendants. | |

## CLASS ACTION COMPLAINT

**(Jury Demand Endorsed Hereon)**

Now comes the Plaintiff, Heidi Glosser ("Glosser"), on behalf of herself and all other similarly situated individuals and alleges the following:

## NATURE OF THE ACTION

1. This class action seeks remedies under the Fair Credit Reporting Act ("FCRA") on behalf of applicants who suffered adverse employment action based on consumer reports obtained by Defendant AM-PM Employment LLC ("AM-PM"). On a class-wide basis, AM-PM relies on consumer reports to determine an applicant's eligibility for employment but uniformly fails to provide rejected applicants with the FCRA-mandated notices and disclosures prior to adverse employment action. *See* 15 U.S.C. § 1681b(b)(3)(A).

2. In Glosser's experience, Defendant J.A.B. Investigative Services, LLC ("J.A.B.

Services") sold a clearly erroneous consumer report regarding Glosser, which AM-PM relied on to reject her application for employment and render her ineligible for certain job opportunities.

3. Glosser also asserts individual claims against J.A.B. Services under 15 U.S.C. §§ 1681e(b) and 1681k(a) based on J.A.B. Services' failure to maintain reasonable and strict procedures to ensure the accurate reporting of criminal record information.

## JURISDICTION AND VENUE

4. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391(b) as both Defendants are Ohio limited liability companies, and J.A.B. Services resides in this district and maintains its principal place of business here. Moreover, J.A.B. Services compiled Glosser's consumer report (and hundreds of other applicants' consumer reports) in this district, thus a substantial part of the events giving rise to the claims occurred here.

## THE PARTIES

6. Glosser is an individual over the age of 18 and resident of this district. Glosser is a "consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c).

7. AM-PM is an Ohio limited liability company with its principal place of business in Springfield, Ohio.

8. Further, AM-PM is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined under the FCRA. *See generally* 15 U.S.C. § 1681a.

9. J.A.B. Services in an Ohio limited liability company with its principal place of business in Cleveland, Ohio. J.A.B. Services is a "consumer reporting agency" ("CRA") as defined

by the FCRA. 15 U.S.C. § 1681a(f).

## GLOSSER'S EMPLOYMENT EXPERIENCE

10. AM-PM is a large staffing company with offices throughout southwest and central Ohio. AM-PM offers employment pre-qualification and screening services to its clients, where AM-PM will "advertise, network, prequalify and interview candidates daily to find the right person for the job." *See* https://ampmemployment.com/employers/ (last visited Sept. 17, 2019).

11. Moreover, AM-PM's "most popular program" allows its employment clients to "observe an associate in your workplace before making them a permanent part of your team. [Applicants] stay on AM-PM Employment's payroll while you evaluate their performance and compatibility in your organization. With our Evaluation Hire Program, you can reduce liabilities, save time and money, and have guaranteed satisfaction in your hiring decision." *Id.* at https://ampmemployment.com/employers/ (last visited Sept. 17, 2019).

12. As part of its employment screening services, AM-PM hires J.A.B. Services (or another consumer reporting agency) to provide consumer background reports regarding, *inter alia*, applicants' criminal histories.

13. AM-PM uses these consumer reports to make employment decisions including to assess an applicant's eligibility for certain available employment opportunities or to disqualify an applicant from employment. These employment-related decisions constitute "adverse action" under the FCRA. *See* 15 U.S.C. § 1681a(k).

14. However, AM-PM uniformly fails to provide applicants with the FCRA-mandated "pre-adverse" action notices ***prior*** to taking adverse employment action.

15. Specifically, the FCRA mandates that an employer, before taking any adverse action based in whole or in part on a consumer report, must provide to the consumer a copy of the

3

consumer's report and a summary of the consumer's rights under the FCRA. 15 U.S.C. § 1681b(b)(3)(A).

16. Equally important, the employer must afford the consumer an opportunity to address the alleged disqualifying information contained in the derogatory consumer report and the applicant has had a chance to review the report. *E.g.*, *Robertson v. Allied Solutions, LLC*, 902 F.3d 690, 696-97 (7th Cir. 2018).

17. AM-PM does not provide applicants with a copy of the derogatory consumer report and a summary of rights under the FCRA. Instead, applicants are never told that they have been disqualified from certain (or ***all***) employment opportunities based on a consumer report.

18. In Glosser's experience, she applied for employment with AM-PM on or about mid-September 2017.

19. As part of the application screening process, AM-PM requested Glosser's consumer report from J.A.B. Services. AM-PM regularly hires J.A.B. Services to compile consumer reports on its applicants. Thus, J.A.B. Services constitutes a "consumer reporting agency", which for monetary fees, "regularly engages in whole or in part in the practice of assembling…consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." *See* 15 U.S.C. § 1681a(f).

20. On or after September 17, 2017, J.A.B. Services compiled a consumer report pertaining to Glosser that contained grossly misleading information and failed to report that her criminal conviction records had been sealed.

21. J.A.B. Services did not provide Glosser with any notice that it had furnished a consumer report to AM-PM containing adverse public record information. *See* 15 U.S.C. § 1681k(a)(1). Glosser did not learn of the derogatory report until several weeks later, and after AM-

PM took adverse employment action against her.

22. After receiving and reviewing Glosser's consumer report, AM-PM took adverse action against Glosser by denying her employment for several available employment opportunities. Without any notice to Glosser, AM-PM disqualified her from consideration for these available opportunities.

23. Several weeks later in October 2017, Glosser discovered that she had been disqualified from these employment opportunities because of her background check. Specifically, when Glosser contained AM-PM to inquire whether her application had been successful, the recruiter informed Glosser that her background report had come back with felonies and thus she was ineligible for several available employers.

24. Further, at no time before taking this adverse action did AM-PM provide Glosser with a copy of her consumer report or a written summary of her rights under the FCRA. AM-PM simply told Glosser to contact J.A.B. Services.

25. AM-PM's conduct constitutes a clear violation of the FCRA's pre-adverse action requirements. Moreover, AM-PM's conduct was willful in that it knowingly or recklessly disregarding Section 1681b(b)(3)'s unambiguous requirements.

26. Likewise, by including outdated and expunged criminal record information in Glosser's consumer report, J.A.B. Services failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in her report in violation of 15 U.S.C. § 1681e(b).

27. J.A.B. Services' compilation of Glosser's consumer report also constitutes a violation of 15 U.S.C. § 1681k, which requires a consumer reporting agency to maintain "strict procedures" designed to ensure that adverse public record information is "complete and up to

date". Upon information and belief, J.A.B. Services does not maintain any procedures for ensuring the accuracy of its consumer reporting.

### COUNT I – VIOLATION OF 15 U.S.C. § 1681b(b)(3)
*Class Claim against AM-PM*

28. Glosser restates and incorporates the allegations set forth in the preceding paragraphs.

29. In accordance with Rule 23 of the Federal Rules of Civil Procedure, Glosser brings this claim for herself and on behalf of a class defined as follows:

> All individuals residing in the United States that were the subject of a consumer report requested by AM-PM, which AM-PM relied on to take an adverse employment action during the five-year period preceding this action and during its pendency.

30. On information and belief, the putative class includes several hundred or thousands of individuals, thus the class is so numerous that joinder of all members is impracticable. Information concerning the exact size of the putative class is within the exclusive possession of AM-PM.

31. Glosser's claims are typical of the claims of the other class members as all members were similarly harmed by AM-PM's failure to comply with the FCRA's pre-adverse action requirements. Like Glosser, each class member suffered an adverse employment action based on a consumer report without any opportunity to address the derogatory report prior to suffering adverse action.

32. Glosser will fairly and adequately protect the interests of the class members and has retained counsel competent and experience in complex FCRA class action litigation. Glosser is a member of the class she seeks to represent and does not have any interests antagonistic or in conflict with the class. Indeed, Glosser's claims are the same as those of the other class members,

which arise from the same operative facts and legal theories.

33. Common questions of law and fact exist as to all class members, and these common questions predominate over any questions affecting individual class members, including:

    a. Whether AM-PM provides rejected applicants with a copy of the consumer report *prior* to taking adverse employment action;

    b. Whether AM-PM provides rejected applicants with a summary of the applicant's FCRA rights *prior* to taking adverse employment action; and

    c. Whether AM-PM's actions constitute a willful violation of the FCRA.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. AM-PM's conduct stems from common policies and practices resulting in common violations of the FCRA. Class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning AM-PM's practices. Moreover, the management of a class action here does not present any likely difficulties and will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based on a single set of proof.

35. The conduct, action, and inaction of AM-PM was willful, rendering it liable for statutory and/or actual damages along with punitive damages in an amount to be determined by the Court under 15 U.S.C. § 1681n. Accordingly, AM-PM is liable to Glosser and each class member for statute damages (or actual damages), punitive damages, and for attorney fees and costs. Alternatively, AM-PM's violations were negligent, and Glosser seeks issue certification based on AM-PM's negligence under Fed. R. Civ. P. 23(c)(4).

### COUNT II: VIOLATION OF 15 U.S.C. § 1681e(b)
*Individual Claim against J.A.B. Services*

36. Glosser restates and incorporates the allegations set forth in the preceding paragraphs.

37. By reporting sealed criminal records as felony convictions, J.A.B. Services produced an inaccurate consumer report about Glosser.

38. Had J.A.B. Services utilized "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," Glosser's report would not have included this adverse and extremely misleading information.

39. Pursuant to 15 U.S.C. § 1681o, J.A.B. Services is liable for negligently failing to maintain reasonable procedures to assure maximum possible accuracy of the consumer report it sold about Glosser in violation of 15 U.S.C. § 1681e(b).

40. As a result of J.A.B. Services' violation, Glosser suffered actual damages including without limitation: loss of employment, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

41. Alternatively, J.A.B. Services' violation was willful, rendering it liable for actual damages or statutory damages together with punitive damages and attorney fees and costs under 15 U.S.C. § 1681n.

### COUNT II: VIOLATION OF 15 U.S.C. § 1681k
*Individual Claim against J.A.B. Services*

42. Glosser restates and incorporates the allegations set forth in the preceding paragraphs.

43. By reporting sealed criminal records as felony convictions to AM-PM, J.A.B. Services produced in inaccurate consumer report for employment purposes about Glosser that contained adverse public record information likely to have an adverse effect on Glosser's ability to obtain employment. This public record information concerning Glosser was not "complete and up to date". *See* 15 U.S.C. § 1681k(a)(2).

44. Indeed, the inaccurate report compiled by J.A.B. Services caused AM-PM to

disqualify Glosser from several employment opportunities.

45. Had J.A.B. Services maintained "strict procedures designed to insure" that adverse public record information was reported as "complete and up to date", Glosser's report would not have included this adverse and extremely misleading information. *Id.*

46. Moreover, J.A.B. Services did not provide contemporaneous notice to Glosser that it was reporting adverse public record information to AM/PM. 15 U.S.C. § 1681k(a)(1).

47. Pursuant to 15 U.S.C. § 1681o, J.A.B. Services is liable for negligently failing to maintain strict procedures to ensure that adverse public record information is "complete and up to date" in violation of 15 U.S.C. § 1681k(a).

48. As a result of J.A.B. Services' violation, Glosser suffered actual damages including without limitation: loss of employment, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

49. Alternatively, J.A.B. Services' violation was willful, rendering it liable for actual damages or statutory damages together with punitive damages and attorney fees and costs under 15 U.S.C. § 1681n

**TRIAL BY JURY IS DEMANDED**

/s/ Stephen M. Bosak, Jr.
*Counsel for Plaintiff and the putative class*

**WHEREFORE**, Glosser and the putative class request the following relief:

a. That an order be entered certifying the proposed class under Fed. R. Civ. P. 23 and appointing Glosser and the undersigned counsel to represent the class;

b. That judgment be entered for the proposed class against AM/PM for statutory and punitive damages pursuant to 15 U.S.C. § 1681n;

c. Alternatively, that the Court certify the class, under Fed. R. Civ. P. 23(c)(4) on the

issue that AM/PM's FCRA violations were negligent under 15 U.S.C. § 168o;

d. That judgment be entered for Glosser against J.A.B. Services for actual and/or statutory damages and punitive damages for violations of 15 U.S.C. §§ 1681e(b) and 1681k;

e. Punitive damages;

f. Attorney's fees, expenses and costs under 15 U.S.C. §§ 1681n and 1681o; and

g. Any other relief this Court deems equitable and just.

       Respectfully Submitted,

       O'TOOLE, McLAUGHLIN, DOOLEY
       & PECORA, CO., LPA

       /s/ Stephen M. Bosak, Jr.
       Matthew A. Dooley (0081482)
       Stephen M. Bosak, Jr. (0092443)
       5455 Detroit Road
       Sheffield Village, Ohio 44054
       Telephone: (440) 930-4001
       Facsimile: (440) 934-7208
       Email:  mdooley@omdplaw.com
          sbosak@omdplaw.com
       *Counsel for Plaintiff and the putative class*